Good morning, Your Honors. My name is Philip Carey. I'm appearing on behalf of Plaintiff Alberto Silva. This case, as you've read, is about a $25,000 Allstate policy we were seeking to get in an automobile accident. Allstate disputed coverage on this policy even though the injured victim in this case had sustained $295,000 worth of damages according to a court arbitrator and $150,000 of medical expenses. The coverage decision was decided in Allstate's favor. Let me ask you a question about that. Allstate brings the complaint in declaratory relief in the Hawaii court? That's correct. Ponce defaults? That's correct. So Ponce is out? That's correct. The only one left is Silva? Correct. Silva gets his $25,000 under the policy? Yes. Ponce is in default? Correct. What rights does Ponce have after having been defaulted? I appreciate that you wanted to have an assignment of rights, covenant not to execute, but I don't see any rights Ponce has. He did not get anything. He defaulted. That's correct, Your Honor. Our argument was that although he defaulted, he was prevented from having counsel by... Where did you allege that? My thought in reading your complaint has nothing to do with them not providing him counsel in the declaratory relief action, but because they gave him counsel in the other action, and that counsel kept him from having a good defense and getting the offer. I didn't see any allegations about failure to give him counsel in the declaratory relief action, nor do I find any Hawaii Supreme Court law suggesting that when a company makes a declaratory relief action, they have to give their insured counsel. I don't believe they do have to give them counsel. So there is nothing to bring, and he lost on default, and we're done. Your Honor, if the assignment to my client was of all of his rights to bring a tort... He had no rights. He defaulted. He defaulted under the contract case. What was assigned? However, he had tort rights against his insurance, and those are the rights that he assigned to my client. So then that action you bring for good faith and fair dealing is out, because that's a contract right. I believe that's a tort right. Here in Hawaii. Here in Hawaii. Here in Hawaii. Right. The refuse to honor insurance coverages is a contract right. Then you file only left as negligent or intentional infliction. Is that all we're after here? Well, what we're after is Ponce assigned his tort rights, and we're after a third-party bad faith claim for the amount of the judgment rendered against Mr. Ponce. Is the third-party bad faith claim derivative of Ponce? I believe so. So he still can't bring his own third-party bad faith claim. He can only bring Ponce's. He's bringing it as he has to. That's correct. So then at that point, it seems to me that what are the rights, if you're talking about negligent infliction and you're talking about infliction of emotional distress, good faith and fair dealing, which I guess you'd have to tell me, does good faith and fair dealing in Hawaii encompass more than the contract rights themselves? Doesn't seem to me that it does. In other words, you can't have an independent good faith and fair dealing claim. You've got to bring a claim for contract right coverage that you did not do in good faith. And if the breach of contract is gone because you default, then that claim is also gone. Well, we would argue that the… What Hawaii case says, there are more rights under the contract than those in the contract itself that you can enforce under good faith and fair dealing. I didn't find such a case. I believe the case establishing bad faith in Hawaii is Best Place v. Penn Insurance, and that case indicates that the tort rights are separate from the contract rights. However… I'll give you that on your negligence claims, but I'm trying to focus in on your breach of contract claim. I didn't understand that you were really pursuing a breach of contract claim. I'm a little confused. Yes, I don't believe we are seeking a breach of contract claim. All I did was look at your complaint. The first was you say they refused to honor insurance coverage. The next is they breached good faith and fair dealing. And I think both of those come out of the contract action. That's why I'm asking you. There's no tort that can come under any of those. So the last is the negligent or… There may be like that. Well, I'm asking in what case presents such a thing in Hawaii. I don't… I can't cite a case saying that those two are or are not tied together. Let me ask you this. We don't have to decide those questions that Judge Smith's raising. Your case got knocked down on statute of limitations grounds, right? That's correct. And the district court never reached any of those. That's correct. So all we need to decide is whether or not the district court erred in knocking your case out on the statute of limitations, right? I believe so, Your Honor. Why did the district court erred? The district court erred because basically we're arguing that everyone should get two years to file. And, you know… Two years from when? Two years from the time basically that the case is made available to file. And without a ruling that there's coverage under the contract, there is no such thing as a reasonable… Well, without answering, you know, the hard questions that Judge Smith was raising with you, you got your assignment, you believe you had some rights. Why didn't you just file your action? Well, of course, in hindsight, we wish we had just filed the action, but I don't believe that in the face of a decision going against you on coverage that the plaintiff could be reasonably expected to go in and file another bad faith claim and then Allstate would come back and make a claim for a sum of fees and costs, which they had already made in the claim that they had won. They were asking for $60,000 of fees and costs. It's unreasonable. The problem is that the claim that was assigned to you was not… You didn't have to wait until the full coverage. You knew that that was an issue, but you didn't have to wait until that was decided in order to bring the action. That's true. We could have wasted the court's resources and filed a bad faith claim right away, had them come in and get it kicked out because there was no coverage and have them seek fees and costs again. But it just made more sense to wait and see what the coverage issue… And now you understand the reasoning for my questions because if, in fact, all you're doing is bringing a tort case, it had nothing to do with the case in front of the court. It had nothing to do with the coverage itself or the insurance policy. In fact, you got your $25,000, and you knew about the tort case when you entered into the covenant, or you should have known. That's what you were asking for. And so, therefore, the statute runs. Now you understand my questions. I look frankly at the complaint, and I say, what are your complaint? What are the allegations? Now, if you're arguing they're contract allegations, I think the default of Ponce eliminates them. If you're talking about tort allegations, then at that point it wouldn't have mattered what happened in the Hawaii Supreme Court. They didn't have the tort in front of them. And, therefore, if, in fact, you had a covenant not to execute and an assignment of rights on October 18th, you got all of the tort claim at that time, you knew that's what you were getting, you knew you had an appropriate time to file your complaints because you just said they were not a part of the contract action. So why didn't you file them within the statute? We knew there was a potential tort claim, but we also knew that we had to end that case somehow. And rather than be masochistic and go through a whole trial, we just decided and all state agreed to stipulate to judgment or not stipulate, to do a judgment in the amount of what the third-prayer arbitrator had decided, the $295,000. So that ended the case. That isn't the case we're talking about. We're talking about the case that was the complaint for declaratory relief. And with a declaratory relief action having been brought against you, you've now stated that Ponce's default in that situation did not end your tort actions. And, therefore, you negotiated for those tort actions from Ponce on October 18th, and it seems to me you had two years then to file. And I'm trying to say what law do I have that says on an independent action, nothing to do with the complaint for declaratory relief, nothing. An independent tort action. Why? What Hawaii case do I look at? What statute do I look at which suggests you shouldn't have brought it within the two years? You can answer the question and we can answer it. Thank you. Once the tort claim had been assigned and then once the case had been decided by the Hawaii Supreme Court in our favor, then just like in any other case that becomes whole, we needed to find an attorney to do the bad faith case. I talked to ODC about whether I could do it until we found another attorney to join me. We needed to do all the things that a plaintiff needs to do once their case becomes viable. Except file a protective complaint so that you're more careful. Okay. We understand. Thank you. You've had at least your time. We've helped you use it. I'm a piece of court. I'm Kevin Sumida. I represent the attorneys at Allstate. In response to Judge Smith's questions to counsel, I think the most critical response is an admission by the appellants that there was no bad faith as a matter of law until the Supreme Court reversed the coverage decision. Now, I'm not saying that's necessarily true or false, but it's an admission. And we can use that admission against the person who assigned his claims because he did not obtain a reversal of the default. But you knew that the matter was on appeal and still in litigation. Yes. And if they thought they had a bad faith claim, we would have expected them to have filed something in a timely way. But they didn't do that. And in response to Judge Smith's questions, the person who assigned the claims, who was defaulted, was still in a position where, as a matter of law, there was no bad faith, according to their own admission. So at that point in time, he had nothing to assign as a matter of law by this admission. I just thought we were still – I mean, I'm back to what I thought was before this, which is the case got knocked out on a statute of limitations. That's all. Yes, Your Honor. This is a case in diversity, and the district court, I think, properly tried to resolve the case on a narrow list of grounds. And we thought that there are some important bigger issues that we have argued at this point. To affirm the judgment, do we have to go beyond determining whether or not the statute of limitations part is plain? No. But if you decide that you want to, because – Why would I do that? These two of us don't want to. The only reason you would is because if you have any question about the statute of limitations issue, and I think it's very clear you should not, then there are these other bigger issues that would give the court reason to affirm the decision as well. Because I understand that even if the statute were told – even if the statute were – you win, that there was still time within a two-year period for you to file it. Yes. The district courts found that even if we were to accept the appellant's argument that we had to wait for the Supreme Court to issue a decision, there was still time after that to file the lawsuit. About 60 days, right? Something like that. Something like that, yes. 27 days or something. Approximately, yes. Okay. If there are no further questions. No further questions. Thank you. The case just argued is submitted for decision. We'll hear the next case, which is United States v. State.
judges: Schroeder, Paez, Smith